This case on the second news docket is the case of the people of the state of Illinois v. Ernest Perry. Mr. Larry Wells, for the appellate, and we have Mr. Russell Patton, R.V.S. Lee. And we are prepared to proceed to name this case. May it please the Court, Counsel. My name is Larry Wells. I represent the defendant, Mr. Perry, in this cause. Mr. Perry filed a post-conviction petition which was improperly dismissed. Now, it's true that the title that he put on this thing was a habeas corpus petition, but it didn't have the style of a habeas corpus petition. It didn't name the warden as a party, and it didn't have the content of a habeas corpus petition. The petition didn't allege a jurisdictional defect. It alleged that he was improperly convicted due to constitutional violations. So, it was a post-conviction petition. The Court recognized it as a post-conviction petition. They appointed counsel to represent him on this post-conviction petition. It was put on the Court docket as a post-conviction petition, and it was called up as a post-conviction petition for something like 18 months, more than that. And then the state of Illinois filed a motion to have the insufficient habeas corpus petition dismissed, and that motion was granted. But this wasn't an insufficient habeas corpus petition. It wasn't a bad habeas corpus petition. It wasn't any kind of a habeas corpus petition. It was a post-conviction petition. And the title of this document didn't make any difference. The law in the state of Illinois is that the body of a document controls its nature, not the title. And the defendant here, Mr. Perry, he could have called this thing a ham sandwich, and it wouldn't have changed what it was. And the state can't identify this as an insufficient ham sandwich or anything. It's not. It's a post-conviction petition. It was recognized as a post-conviction petition for 18 months, more than that. And it was at the second stage of the post-conviction process under the Post-Conviction Hearing Act. And as this Court stated in People v. Volkmar in 2006, quote, at the second stage of the post-conviction proceedings, the petition may only be dismissed on the motion of the state, as provided in Section 122-5 of the Act, close quote, Post-Conviction Hearing Act. Well, this thing was not dismissed under any provision of the Post-Conviction Hearing Act. There's no authority for the Court to dismiss it this way. Because the Court didn't comply with the Post-Conviction Hearing Act in considering this matter, it asks this Court to remand it, vacate the Court's order, and remand it for further proceedings. Do you agree that the petition filed, or the petition filed by the defendant, was entitled habeas? Yes. I do. Any other questions? Thank you. Thank you, Mr. Welch. I'll let the opportunity to speak. Mr. Welch, may it please the Court, my name is Russ Benton. This case began on April 22, 2003. Contrary to what was represented to the Court just now and in the brief, in fact, it was labeled Perry v. Walls. Not only was it listed as a habeas corpus petition, it was titled, captioned as such. The case concluded on August 12, 2009, when the Court granted our motion under Section 2615, dismissing it as a habeas corpus petition under the Civil Practice Act, or Code of Civil Procedure, which, of course, gives this Court jurisdiction, contrary to the representation, as a civil matter. So the issue is, at any point between the filing and the conclusion of the case, was it recharacterized somehow as a post-conviction petition? Don't you think that the record would show that the trial court repeatedly called it a post-conviction petition? I don't think the record would show that at all. I don't think the trial court ever said it was a post-conviction petition. He has attached a couple of scheduling orders to his brief. One scheduling order basically says post-conviction matters. And, in fact, it was post-conviction matters because it was post-conviction of the actual conviction. Another is a scheduling order. I believe that's docket number 458, which says cases before this Court for post-conviction petition. Not only is it not identifying this case specifically, that's a scheduling order. There's nothing in the record saying anybody was there. And that's the only place in the entirety of the record that, in fact, the words post-conviction next to the word petition come forward. In fact, there is nothing in this record that the Court orally or in writing ever said this is a post-conviction. There is nothing in the record that shows that the Court recharacterized it. And, indeed, there is nothing in all of this record that shows that counsel for the petitioner or for the plaintiff actually asked that it be recharacterized, assumed it would be recharacterized, or even believed it would be recharacterized. Anything argument against that is belied by the record. Petitioner or plaintiff, excuse me, previously filed a post-conviction act about 15 years before filing this document. That says it's record 409. In fact, in that he raised the same issues that he raised in this pleading. He filed a habeas complaint here. He captioned it a habeas complaint. He cited the habeas statute. He sought relief consistent with the habeas act. In fact, it's a habeas complaint because it's basically the only collateral action he had not filed from his convictions. The complaint itself makes no mention of the post-conviction act, which is contrary to the post-conviction act section 122-1D, which requires a pleading to be made under the post-conviction act. It does not assert cause or prejudice in any matter, which is the only way it can get around the bar for successive post-conviction act. It certainly doesn't raise or address the issue of res judicata because these issues had already been presented and denied. The court referenced it as a habeas complaint throughout the process. The plaintiff never objected. In fact, contrary to what plaintiff argues, the court never did not find it to be frivolous or patently without merit because doing so would be absurd because 15 years before he had raised the same issues and at that time the same court found the same issues to be frivolous and patently without merit. The plaintiff or his counsel never said at any point on the record this was a post-conviction action. It never asked the court to re-characterize. The court ordered that the plaintiff serve this complaint on the warden, which is consistent with civil procedure and consistent with the habeas act, and the plaintiff never objected to that. If it had been a post-conviction petition, you would have simply needed to serve it on the state's attorney, and the plaintiff never did that. The court never ordered him to do that. The warden then filed a motion to dismiss, invoking habeas corpus principles, not invoking the post-conviction act or those issues. The plaintiff never asserted that the motion was in any way non-responsive or failed to address my issues. The court then made oral and written motion orders denying the relief under habeas corpus, citing the habeas corpus issues. Plaintiff said he understood the court's order and asked if he could make a post-conviction filing. And in fact, the post-conviction appeal requires a 651C compliance and none was filed here, and that's not part of this record for the court. Now, plaintiff's arguments are based on a few small, unconnected items. He says, well, the caption says people v. Perry. As shown, the caption most certainly does not. The caption says Perry v. Walls warden, which is, again, record 403. He says in his brief, well, it must be a post-conviction petition because counsel was appointed. It's clearly within counsel's right and its discretion to appoint an attorney in this matter on behalf of the petitioner. It's not uncommon in habeas corpus proceedings for that to happen. In his brief, counsel says, well, he really sought post-conviction relief, but he asks on numerous occasions that he would like his immediate release, and that's an exclusive remedy in habeas corpus. He makes a counsel that states that, well, the state trial court docketed it as a post-conviction petition, but that's blithe by the record, and that's what takes this case away from Lilly, which he cites, because how a clerk's office dockets a case has no bearing on what a judicial court does and its pronouncements. This court, the trial court, always considered it a habeas corpus. It never made any kind of express statement, never any kind of recharacterization saying, well, I'm recharacterizing it as a post-conviction petition. Finally, he asks that it be considered a post-conviction petition because it violates Shellstrom from the Illinois Supreme Court. But he didn't have to. First of all, it doesn't have to recharacterize it. That's what Stoffel, a more recent case, says. And, in fact, Shellstrom wouldn't control because he was given counsel, and because he has counsel, there's no need for him to be admonished. So any argument that Shellstrom would control would not be, well, would not be, would not benefit. And, indeed, there's no place in the record that the plaintiff cites that, in fact, the court actually does the recharacterization. He simply says, well, there are all of these scheduling orders. But he doesn't point to the record. He doesn't say there is an exhibit, there is someplace in the record where, in fact, recharacterization occurs. And the fact is it did not occur. And, indeed, even if this court accepts the plaintiff's argument against the full-weighted evidence, there's nothing to be gained in this. It should be, this court can and should affirm anyway. Even if it's a considerate successive post-conviction petition, there's no attempt to get around the fact that it is indeed successive. There's nothing in the complaint that shows cause and prejudice, which, in fact, he needs to show under Pitts and Barker. There's nothing in this case that says there's cause because these are all issues that have been raised previously. And, in fact, there's nothing in this complaint that says get around the res judicata fact that I had raised these in a previous post-conviction petition. So even if this court, against all of the evidence and against the record, finds this to be a successive post-conviction petition, there's nothing to benefit here anyway. It should be affirmed. But it's important for the court to realize that this was never re-characterized. There's nothing in the record. All plaintiff can show is citing a few scheduling orders, nothing of substantive matters, just a scheduling order that says post-conviction and then later on the petition, which is what the petitioner named it. Only one place in the entirety of the record states that post-conviction next to the word petition, and that's a scheduling order which discusses other cases as well. There's certainly nothing in there. I can point the court to many places in the record, for example, Record 500, Record 507, where the court calls it a habeas corpus. Now, it may have been a bit inartful that he said post-conviction and then said petition, but it was nothing. There was no re-characterization. This started and concluded as a habeas complaint, and there's nothing in between that that says otherwise. So if the court has no further questions. Thank you. Mr. Perry has attached to the back of his reply brief an appendix. Let's start at the beginning there. At RC 451, it says this is May 26, 2004. This is a court order, and the court order says cause called for post-conviction this date. And you can see that the style on it is People v. Cernus Perry, and you can see that the state's attorney signed at the bottom of it. The case was called as a post-conviction case, and the state's attorney signed it. They knew it was a post-conviction case. Next page, June 15, 2005. Cause called this date for post-conviction this date. State's attorney signed it. His name's on it. They know it was a post-conviction case, and look at the style, People v. Perry. That's the style. November 12, 2004, set cases for post-conviction petition this date. This is at RC 458. November 10, 2005, RC 477, reset post-conviction hearing. RC 483, set for post-conviction hearing. RC 491, same thing, April 11, 2006. December 7, 2006, RC 494, set pending post-conviction matters for a hearing at 9 a.m., 25 January, 2007. Here's an entry for May 26, 2004. Cause called for post-conviction this date, People present, with state's attorney Buckley, defendant's attorney present, with his client. So the defendant was in court that day and heard this case called as a post-conviction case. When the court finally ruled on it, what did the court consider it? A habeas corpus? Yes, they granted the motion to dismiss as an insufficient habeas corpus. Now, we know the trial court's got no duty to recharacterize habeas corpus. That's true. Well, you're saying here that he did and he turned it into a post-conviction. Is there any problem with him turning it back into a habeas corpus? Well, the problem with that would be he would have to give the defendant notice as to what standard he's going to have to abide by. And I don't think there's any authority for him to do it at the same hearing. He can't have the defendant chugging along for 18 months as a post-conviction petition and say, now that we've got this motion to dismiss, we're going to dismiss it as an insufficient habeas corpus. And besides that, it's not an insufficient habeas corpus. I know he's got to when he changes it to a post-conviction because of the ramifications of it. But is there a duty to when you – none of us has seen a case exactly where somebody goes from a habeas corpus, if that's what happened, to a post-conviction to a habeas corpus. I didn't – what are the two cases that require the admonition? Shellstrom? Shell – And then there's one for subsequent as well. Yes, that's right. Johnson or Smith or Jones or one of those. I know what you mean. I know what you mean. But those two – those cases, would they require admonitions, you're saying, if he switched it back? Well, yes. You're saying that would. The duty would still be the same. If you're going to change it so that it affects the defendant's final status, he needs to be told about it so he can have an opportunity to comply whatever the standards are. And here it's really important to remember that the state's argument is really the best argument in our favor. They say it doesn't look like this, so it can't be a habeas. It doesn't look like that, so it can't be a – and it doesn't look like any of those things. And there's a good reason for it, because it's not a habeas. That's why it doesn't look like any of those things. What it looks like is a post-conviction petition, and that's because that's what it is. How do you respond to the part where the court argued it served on the warden, I guess? And he named the warden in his complaint, didn't he? Yeah. You know, I had forgotten about that. I have these documents in the brief that have it as people versus Perry, and I do not have that in my notice. It's people versus, but I just – okay. That's okay. That's the way I remember it, is people versus Perry. That's the documents that I have. But – Mr. Wells, I have a question. I'm looking at some of the – some of your appendix, and on May 26th there's a court order, and it says called – case called for post-conviction this day. Yes. On the very same day in the court's docket entry, it says order of habeas corpus entered. Oh, sure. That's to get him out of DOC and get him into court. Okay. There'll be lots and lots of those because he was in Menard. That has nothing to do with it. Yeah, that's just habeas corpus ad prosecutuendum or whatever that Latin word is. That was exactly for that day. Yeah, just to haul him back and forth to make his body appear. So you're essentially saying that it was always characterized as a PC. Yes, that's right. Except by the defendant when he filed the plea. And that was just a title. And the argument is that what he called it just doesn't make any difference as to what it is. Unless there are any other questions. Okay. Thank you both for your – and our parents.